No. 22,189.

## J. B. McCLURE, *Appellant*, v. THE CO-OPERATIVE ELEVATOR AND SUPPLY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

COÖPERATIVE CORPORATION—*Organization of Farmers—Division of Net Profits—How Determined.* A coöperative corporation was organized by farmers under section 2306 of the General Statutes of 1915. The basis for the division of net profits was ascertained by adding to the total amount paid for products sold by stockholders to the corporation the total amount paid by stockholders for merchandise purchased from the corporation. After paying expenses, and after paying a fixed dividend to all stockholders, net profits were realized. One of the stockholders, in addition to being a farmer, conducted a grain, brokerage, and commission business. He purchased a large amount of grain from the defendant at the market price and sued to recover his proportionate share of the net profits. If he recovers, the result will be that he purchased his grain for less than the market price at the expense of the other stockholders. *Held*, that he cannot recover.

Appeal from Meade district court; LITTLETON M. DAY, judge. Opinion filed June 7, 1919. Affirmed.

*Frank S. Sullivan*, and *A. R. Bodle*, both of Meade, for the appellant.

*W. G. Fairchild*, *H. S. Lewis*, both of Hutchinson, and *H. Llewelyn Jones*, of Meade, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, as a stockholder, seeks to recover *pro rata* shares of the net earnings of a coöperative corporation organized under section 2306 of the General Statutes of 1915. All the stockholders were farmers. Judgment was

rendered in favor of the defendant, and the plaintiff appeals. Section 2306 reads:

"Any number of persons, not less than twenty who are citizens of the state of Kansas, may associate themselves together as a coöperative corporation for the purpose of conducting any agricultural, dairy, mercantile, mining, manufacturing, or mechanical business on the coöperative plan. The title of such corporation shall begin with "the" and end with "association," "company," "corporation," "exchange," "society," or "union." For the purpose of this act the "coöperative plan" shall be construed to mean a business concern that distributes the net profits of its business by: *First*, the payment of a fixed dividend upon its stock; *second*, the remainder of its profits are prorated to its several stockholders upon their purchases from or sales to said concern or both such purchases and sales."

The plaintiff was not only a farmer and a stockholder in the defendant corporation, but he also conducted a grain business, and purchased large quantities of grain from the defendant. During the period covered by the transactions involved in this action, the defendant's net profits amounted to $8,115.44. The plaintiff alleged that during that period he purchased from the defendant 27,937 bushels of wheat, for which he paid $27,113, and that his share of the net profits was $1,084.42, four per cent of the total business. The basis for the division of net profits was ascertained by adding to the total amount paid for products sold by stockholders to the corporation, the total amount paid by such stockholders for merchandise purchased from the corporation; and each stockholder was then paid his proportionate share of the net profits based on the amount of business he furnished. The plaintiff claims that he is entitled to a proportionate share of the net profits based on the amount that he paid the defendant for wheat.

The plaintiff's contention seems plausible, but it is not tenable. The profits realized by the defendant were derived from its stockholders who sold to it products at less than the amount received by the defendant for those products, and from stockholders who purchased from the defendant merchandise at a price greater than that paid therefor by the defendant. The purpose of the corporation was to enable such stockholders to have those profits returned after a five per cent fixed dividend and all the expenses of handling the business had been paid. The defendant did not realize any profit on the transactions with the plaintiff. The profit on those transactions was

realized by purchasing from the stockholders at reduced prices, and by selling on the market at the market price. In those transactions the plaintiff represented the market. Presumably he paid the full market price for the wheat purchased by him. Honesty compelled him to pay that price. If he was buying the wheat at less than the market price he was getting a dishonest advantage; one which the law will not favor.

By this action the plaintiff seeks to recover an amount equal to four per cent of what he paid to the defendant for wheat purchased by him. According to the allegations of his petition, he paid practically a dollar a bushel for wheat. He now wants returned to him an amount that will make his wheat cost him ninety-six cents a bushel. If the plaintiff is correct in his contention, and if the wheat raisers who were stockholders had sold to the defendant 100,000 bushels of wheat for $90,000, out of which there had resulted, after paying expenses and fixed dividends, a profit of $4,000, and the defendant had purchased all that wheat, for which he had paid $100,000, the market price, he would be entitled to have returned to him his *pro rata* share of the $4,000 net profit. That would result in his paying less than the market price for the wheat purchased by him, and would result in the producer receiving less than that market price. The law does not contemplate such a result, and the courts will not compel it.

The judgment is affirmed.